UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

CORPUS CHRISTI DIVISION

Clerk, U.S. District Court
Southern District of Texas
FILED

MAR 11 2015

David J. Bradley, Clerk of Court

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| vs. | § § | CRIMINAL NUMBER |
| PABLO ZARATE JUAREZ | § § | C - 15 - 216 |

## INDICTMENT

THE GRAND JURY CHARGES THAT:

### COUNT ONE

Between on or about January 1, 2002, and up to and including the date of this indictment, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, the defendant,

PABLO ZARATE JUAREZ

did knowingly and intentionally conspire and agree with other persons known and unknown to the Grand Jury, to commit offenses against the United States in violation of Title 18, United States Code, Section 1956, to wit:

a) to transport, transmit, and transfer, and attempt to transport, transmit, and transfer monetary instruments and funds involving the proceeds of specified unlawful activity, to wit: (1) bank fraud, (2) the misappropriation, theft, or embezzlement of public funds by or for the benefit of a public official, (3) unlawful operation of an unlicensed money transmitting business, and (4) the distribution of controlled substances, to a place in the United States from or through a place outside the United States, knowing that the monetary instruments and funds involved in the

transportation, transmission, and transfer represented the proceeds of some form of unlawful activity, to wit: (1) bank fraud, (2) the misappropriation, theft, or embezzlement of public funds by or for the benefit of a public official, (3) unlawful operation of an unlicensed money transmitting business, and (4) the distribution of controlled substances, and knowing that such transportation, transmission, and transfer was designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(2)(B)(i),

and

b) to conduct and attempt to conduct financial transactions which in fact involve the proceeds of specified unlawful activity, to wit: (1) bank fraud, (2) the misappropriation, theft, or embezzlement of public funds by or for the benefit of a public official, (3) unlawful operation of an unlicensed money transmitting business, and (4) the distribution of controlled substances, knowing that the property involved in the transactions represents the proceeds of some form of activity, to wit: (1) bank fraud, (2) the misappropriation, theft, or embezzlement of public funds by or for the benefit of a public official, (3) unlawful operation of an unlicensed money transmitting business, and (4) the distribution of controlled substances, and knowing that the transaction was designed in whole or in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

In violation of Title 18, United States Code, Section 1956(h).

## COUNT TWO

Between on or about January 1, 2004, up to the date of the return of this indictment, in the Southern District of Texas and elsewhere, and in the jurisdiction of the Court, the defendant,

## PABLO ZARATE JUAREZ

did knowingly combine, conspire, confederate, and agree together and with diverse other persons known and unknown to the Grand Jury to commit offenses against the United States in violation of Title 18, United States Code, Section 1344, to wit: to knowingly execute and attempt to execute a scheme and artifice to obtain moneys, funds, credits, and assets owned by and under the custody of financial institutions, the deposits of which were insured by the Federal Deposit Insurance Corporation, by means of false and fraudulent pretenses, representations and promises.

In violation of Title 18, United States Code, Section 1349.

## COUNT THREE

Between on or about January 1, 2012, and up to and including the date of this indictment, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, the defendant,

## PABLO ZARATE JUAREZ

knowingly and willingly executed and attempted to execute a scheme and artifice to defraud Inter National Bank, a financial institution insured by the Federal Deposit Insurance Corporation (F.D.I.C.) and to obtain moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of Inter National Bank, by means of materially false and fraudulent pretenses, representations, and promises. It was part of the scheme and artifice that defendant, PABLO ZARATE JUAREZ, materially misrepresented the identity of the true owner of the asset

known as the 2005 Pilatus aircraft tail number N679PE and their sources of income regarding the movement of moneys from the United Mexican States to the United States in furtherance of the funding loan payments for the 2005 Pilatus aircraft tail number N679PE.

In violation of Title 18, United States Code, Sections 1344 and 2.

## COUNT FOUR

Between on or about January 1, 2012, and up to and including the date of this indictment, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, the defendant,

## PABLO ZARATE JUAREZ

knowingly and willingly executed and attempted to execute a scheme and artifice to defraud First National Bank, a financial institution insured by the Federal Deposit Insurance Corporation (F.D.I.C.) and to obtain moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of First National Bank, by means of materially false and fraudulent pretenses, representations, and promises. It was part of the scheme and artifice that defendant, PABLO ZARATE JUAREZ, materially misrepresented the identity of the true owner of the asset known as the 2005 Pilatus aircraft tail number N679PE and their sources of income regarding the movement of moneys from the United Mexican States to the United States in furtherance of the funding loan payments for the 2005 Pilatus aircraft tail number N679PE.

In violation of Title 18, United States Code, Sections 1344 and 2.

## NOTICE OF CRIMINAL FORFEITURE

### I.  18 U.S.C. § 982(a)(1)

Pursuant to Title 18, United States Code, Section 982(a)(1), the United States of America

gives notice to the defendant,

PABLO ZARATE JUAREZ

that, upon conviction of an offense in violation of Title 18, United States Code, Section 1956 as charged in Count One of the Indictment, the United States of America shall forfeit any property, real or personal, involved in such offense, or any property traceable to such property.

The property to be forfeited includes, but is not limited to, the following:

a. a 2005 Pilatus aircraft, with all engines and equipment attached thereto, and all logs and documents contained therein, said aircraft bearing tail number N679PE; and

b. a personal money judgment in the amount of approximately two million dollars ($2,000,000.00) in United States currency.

## II. 18 U.S.C. § 982(a)(2)(A)

Pursuant to Title 18, United States Code, Section 982(a)(2)(A), the United States of America gives notice to the defendant,

PABLO ZARATE JUAREZ

that, upon conviction of any offense in violation of Title 18, United States Code, Sections 1341, 1343, or 1344 as charged in Counts Two and Three, and Four of the Indictment, the United States of America shall forfeit any property constituting, or derived from, proceeds obtained directly or indirectly, as the result of such violation.

The property to be forfeited includes, but is not limited to, the following:

a. a 2005 Pilatus aircraft, with all engines and equipment attached thereto, and all logs and documents contained therein, said aircraft bearing tail number N679PE; and

b. a personal money judgment in the amount of approximately two million dollars ($2,000,000.00) in United States currency.

## III. SUBSTITUTE ASSETS

In the event the property that is subject to forfeiture, as a result of any act of omission of the defendant:

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third party;

(3) has been placed beyond the jurisdiction of the court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be divided without difficulty.

it is the intent of the United States to seek forfeiture of any other property of the defendants up to the value of such property, pursuant to Title 18, United States Code, Section 982(b)(1) incorporating Title 21, United States Code, Section 853(p).

A TRUE BILL:
<u>ORIGINAL SIGNATURE ON FILE</u>
FOREPERSON OF THE GRAND JURY

KENNETH MAGIDSON
UNITED STATES ATTORNEY

By: _____
JULIE K. HAMPTON
Assistant United States Attorney